UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

Case No. SACV 11-01370 DOC (MLGx)            Date: November 1, 2011

Title: RUSSELL MCNEELY v. WELLS FARGO BANK, N.A., ET AL.

DOCKET ENTRY
        [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
        Date:_____ Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Julie Barrera                                                Not Present
Courtroom Clerk                                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                 NONE PRESENT

PROCEEDING (IN CHAMBERS):  DENYING PLAINTIFF'S MOTION TO REMAND

       Before the Court is Plaintiff's Motion to Remand Case to Superior Court of California, County of Orange ("Motion to Remand") (Docket 9). The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing, and replying papers, the Court hereby DENIES the Motion to Remand.

    **I. BACKGROUND**

       Plaintiff Russell McNeely ("Plaintiff") instituted the present action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and NDeX West, LLC ("NDeX") (collectively "Defendants") alleging violations of California Civil Code Section 2923.5 ("Section 2923.5") and Business and Professions Code § 17200 ("Section 17200"). Plaintiff alleges that on or about March 30, 2004, Plaintiff, as borrower, made, executed, and delivered a note for $371,000.00 to World Savings; this note has since been transferred to or acquired by Wells Fargo. Complaint, ¶ 4. To secure payment of the principal and interest as provided in the note, Plaintiff executed and delivered to Defendants a deed of trust to the real property at 26652 Lira Circle, Mission Viejo, CA 92691 ("Subject Property"). *Id.* at ¶ 1,

5. Plaintiff avers that he always made timely payments on the mortgage and lived at the Subject Property for almost nine years but that the economic downturn left him with insufficient income to timely make his mortgage payments. *Id.* at ¶ 6. Due to Plaintiff's failure to make timely payments, Wells Fargo initiated non-judicial foreclosure proceedings on the Subject Property by causing NDeX to record a Notice of Default and Election to Sell Under Deed of Trust. *Id.* at ¶ 7.

Plaintiff argues that Defendants violated Section 2923.5(a)(1)(2) in four ways. First, Defendants allegedly failed to contact Plaintiff in person or by telephone to assess Plaintiff's financial position and explore options to avoid foreclosure. *Id.* at ¶ 8. Defendants also allegedly failed to advise Plaintiff of his right to request a subsequent meeting or to provide Plaintiff with a telephone number to the United States Department of Housing and Urban Development to find a HUD-certified housing counseling agency. *Id.* Finally, Plaintiff avers that Defendants failed to wait the requisite thirty days after contacting Plaintiff (which also allegedly did not occur) before instituting the foreclosure proceedings. *Id*. Plaintiff also alleges that Defendants violated the due diligence requirements of Section 2923.5(b) and (g) by failing to conduct mandatory due diligence efforts prior to recording the Notice of Default. *Id.* at ¶ 10. Plaintiff finally avers that Defendants have violated Section 2924 "by virtue of Defendants' failure to meet the requirements of California Civil Code § 2923.5 prior to their filing of the Notice of Default pursuant to Civil Code § 2924." *Id.* at ¶ 18. Generally, Plaintiff argues that these alleged failures resulted in the denial of an opportunity for Plaintiff to avoid foreclosure and in Plaintiff not being properly notified of the pending foreclosure process. *Id.* at ¶ 11, 21. Plaintiff wishes to work out an agreement with Defendants that would permit him to stay in the Subject Property. *Id.* at ¶ 23-4.

Plaintiff also alleges that Defendants violated Section 17200 by committing acts of unfair competition, as described in the aforementioned allegations. *Id.* at ¶ 19. Generally, Plaintiff avers that Defendants misled Plaintiff by representing both that there would be a loan modification program available and that the foreclosure process would be delayed during the loan modification process. *Id.* at ¶ 30.

Plaintiff seeks the following remedies: (1) a declaration of the rights and duties of the parties, specifically that Defendants have no right to conduct the sale of the Subject Property because Defendants have not followed the required procedures under Section 2523.5; (2) a temporary restraining order, a preliminary injunction[1], and a permanent injunction restraining the Defendants from selling the Subject Property; (3) attorneys' fees and costs; and (4) any other relief the Court deems proper.

### II. LEGAL STANDARD

---

[1] A request for a preliminary injunction or temporary restraining order would typically be made in a separate motion before this Court.

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). A defendant may remove a state action only if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441. "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal diversity jurisdiction in cases between United States citizens requires (1) an amount in controversy that exceeds $75,000, and (2) that all plaintiffs to an action be "citizens of different States" than all defendants. *See* 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of any state in which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

If the Complaint alleges an amount in controversy greater than $75,000, the controversy requirement is satisfied unless the Court is convinced to "a legal certainty" that plaintiff cannot recover more than $75,000. *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586 (1938); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996); *see also Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000).

Where the complaint leaves the amount in controversy unclear or ambiguous, however, the burden rests with the removing defendant to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (citing *Garza v. Bettcher Indus. Inc.*, 752 F. Supp. 753, 6763 (E.D. Mich. 1990). A removing defendant "may not meet [the] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Id*. This is a simple application of the principle that a party seeking adjudication in federal court bears the burden of proving that he or she belongs in federal court. *McNutt v. Gen. Motors Acceptance Corp. Of Indiana*, 298 U.S. 178, 189, 56 S. Ct. 780 (1936).

**III. DISCUSSION**

Plaintiff has raised two issues in its Motion to Remand and Reply: the citizenship of Wells Fargo and the amount in controversy.[2]

---

[2]Plaintiff only raises the issue of the amount in controversy in his Reply. "It is well established in this circuit that [t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs." *Martinez-Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir. 1996) (internal citations omitted); *see also Kennedy v. Lockyer,* 379 F.3d 1041, 1063 (9th Cir. 2004); *Save the Peaks Coalition v. U.S. Forest Service,* No. CV 09-8163-PCT-MHM, 2010 WL 3800896, at *2 (D. Ariz. Sept. 22, 2010). Subject matter jurisdiction,

### A. Diversity of Citizenship

Plaintiff's primary argument in his Motion to Remand centers on the citizenship of Wells Fargo. Diversity of citizenship under 28 U.S.C. § 1332 requires complete diversity between parties. *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806). Plaintiff makes clear that he is a California citizen based on domicile, due to his residency at the Subject Property. Complaint ¶ 6. Accordingly, if any defendant is a citizen of California, total diversity will not exist and this Court will not have subject matter jurisdiction.

The citizenship of a national bank is governed by 28 U.S.C. § 1348, which provides that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." The U.S. Supreme Court in *Wachovia Bank v. Schmidt* interpreted this language to mean that a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." 546 U.S. 303, 307 (2006). Wells Fargo is a national banking association chartered under the laws of the United States and has its main office in South Dakota. Notice of Removal § 2(A)(ii). Wells Fargo points to a multitude of cases in which courts have specifically held that Wells Fargo is only a citizen of South Dakota. *See, e.g., Ngoc Nguyen v. Wells Fargo Bank, N.A.,* 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010) ("Wells Fargo is a citizen of South Dakota, not California."); *Tse v. Wells Fargo Bank, N.A.,* No. C10-4441 TEH, 2011 WL 175520, at *3 (N.D. Cal. Jan. 19, 2011) (denying a motion to remand because Wells Fargo is a citizen of South Dakota, not California); *Silva v. Wells Fargo Bank, N.A.,* No. CV 11-3200 GAF (JCGx), 2011 WL 2437514, at *2 (C.D. Cal. June 16, 2011) (Wells Fargo is only a citizen of South Dakota). Plaintiffs can only point to one case that reached a different result. *See Stewart v. Wachovia Mortgage Corp.,* No 11-CV-06018, 2011 WL 3323115, at *4 (C.D. Cal. Aug. 2, 2011). There, the court relied, at least in part, on *Mount v. Wells Fargo Bank, N.C.,* No. CV 08-6298 GAF (MANx), 2008 WL 5046286, at *2 (C.D. Cal. Nov. 24, 2008). Judge Feess, who decided *Mount,* has since changed his opinion on the citizenship of Wells Fargo and now consistently holds that Wells Fargo is only a citizen of South Dakota. *See, e.g., Silva,* 2011 WL 2437514, at *2. This shift, along with the weight of authority supporting solely South Dakota citizenship, persuades the Court that Defendant's position is correct. Wells Fargo is only a citizen of South Dakota for the purposes of diversity jurisdiction.

### B. Amount in Controversy

Having established diversity of citizenship, the Court must next determine if the amount

---

however, is a unique issue. A litigant may raise an issue of subject matter jurisdiction at any time, and courts have a responsibility to consider subject matter jurisdiction *sua sponte. Kontrick v. Ryan,* 540 U.S. 443, 455 (2004). As such, the Court will fully consider the merits of Plaintiff's amount in controversy argument, although it would not typically do so with arguments raised for the first time in a reply brief.

in controversy satisfies the requirements of 28 U.S.C. § 1332. When no amount is specified in the plaintiff's complaint, the removing defendant has the burden of showing that the amount in controversy is met by a preponderance of the evidence, or that it is "more likely than not." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). *See also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. Mckee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

The Complaint in this case does not specifically allege an amount in controversy. It nonetheless makes clear that the focal point of this litigation is the Subject Property and the $371,000 mortgage loan on that property. Complaint, ¶ 4. Wells Fargo argues that because the subject loan exceeds $75,000, the amount in controversy requirement is satisfied. Notice of Removal. 7. Plaintiff, however, contends that the amount of the loan and the amount due are immaterial because Plaintiff does not contest them. Reply, 5.

In *Hunt v. Washington State Apple Advertising Commission*, the Supreme Court explained that, "[in] actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of litigation." 432 U.S. 333, 347 (1977). "If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." *Reyes v. Wells Fargo Bank, N.A.,* C-10-01667, 2010 WL 2629785, at *5 (N.D. Cal. June 29, 2011) (citing *Garfinkle v. Wells Fargo Bank,* 483 F.2d 1074, 1076 (9th Cir. 1973). Even though Plaintiff, in his Reply, asserts that he only seeks to delay the foreclosure sale and not preclude it, he seeks permanent injunctive relief that would restrain Wells Fargo from selling the Subject Property. Complaint, ¶¶ 3- 4. The Subject Property and the mortgage loan are the subject of this lawsuit.

The question that remains is how to calculate the value of the property. The *Reyes* court detailed the various ways that courts have determined the value of a subject property for the purposes of diversity jurisdiction. Some have relied on the amount of indebtedness in foreclosure cases, *see e.g., Henderson v. Nationstar Mortgage Company, LLC,* No. C07-2039JLR, 2008 WL 302374, at *1 (W.D. Wash. Jan. 31, 2008), while others have examined the fair market value of the property. *Delgado v. Bank of America Corp.,* No. 1:09cv01638 AWI DLB, 2009 WL 4183525, at *6 (E.D. Cal. Nov. 23, 2009). Here, the preponderance of the evidence indicates an amount in controversy in excess of $75,000. The Notice of Trustee's Sale provides that the total unpaid balance of the obligation is $485,249.27. Notice of Removal, Exh. B. Because both the loan amount and total unpaid balance of the loan obligation far exceed the $75,000 threshold, the amount in controversy requirement is satisfied.

### IV. DISPOSITION

For the foregoing reasons, the Court hereby DENIES the Motion to Remand.

The Clerk shall serve this minute order on all parties to the action.