**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 11-01370 DOC (MLGx)            Date: December 15, 2011

Title: RUSSELL MCNEELY v. WELLS FARGO BANK, N.A., ET AL.

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                             Date:_____ Deputy Clerk: _____

PRESENT:

                    THE HONORABLE DAVID O. CARTER, JUDGE

    Julie Barrera                                      Not Present
Courtroom Clerk                               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

       NONE PRESENT                             NONE PRESENT

PROCEEDING (IN CHAMBERS): DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

       Before the Court is a Motion to Dismiss Plaintiff's Complaint brought by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (Docket 7). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, and for the reasons stated below, the Court hereby GRANTS the Motion.

       **I.    Background**

       Plaintiff Russell McNeely ("Plaintiff") alleges that on or about March 30, 2004, he entered into a mortgage loan agreement with World Savings Bank, FSB ("World Savings"), in the amount of $371,000. Complaint ("Compl.") ¶ 4. Plaintiff avers that, to secure payment of the principal sum of the note, he conveyed to World Savings a deed of trust on the property located at 26652 Lira Circle, Mission Viejo, Ca 92691 ("Property"). *Id*. ¶ 5. In January 2008, World Savings allegedly

changed its name to Wachovia Mortgage, FSB. Defendant's Motion to Dismiss 1. Similarly, in November 2009, Wachovia Mortgage changed its name to Wells Fargo Bank Southwest, N.A., and subsequently merged into Wells Fargo Bank, N.A. ("Defendant"). *Id.* On or around April 21, 2011, Plaintiff maintains that Defendant initiated non-judicial foreclosure proceedings on the Property causing a Notice of Default and Election to Sell Under Deed of Trust to be recorded. Compl. ¶ 7.

On August 9, 2011, Plaintiff filed an action in the Superior Court of California, County of Orange, alleging violations of California Civil Code § 2923.5 ("Section 2923.5") and California Business & Professions Code § 17200 ("Section 17200"). Compl. 1. In support of these claims, Plaintiff contends that Defendant failed to comply with Section 2923.5 by failing to communicate with Plaintiff in order to assess Plaintiff's financial position and explore options that would avoid foreclosure. *Id.* ¶ 8. Similarly, Plaintiff contends that, by violating Section 2923.5, Defendant likewise violated Section 17200 which prohibits acts of unfair competition. *Id.* ¶ 29.

On September 8, 2011, Defendant removed this action to this Court. Notice of Removal 1. Plaintiff, on September 15, 2011, subsequently filed a Motion to Remand which was denied by this Court on November 1, 2011. Order Denying Motion to Remand to State Court 2 (Docket 16).

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the

authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id*. (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend be freely given whenever justice requires. This policy is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

### III. Discussion

#### A. Plaintiff's First Cause Of Action For Violation Of Civil Code § 2923.5

Defendants first move to dismiss Plaintiff's first cause of action for violation of California Civil Code § 2923.5 ("Section 2923.5") because Section 2923.5 is preempted by federal law. Specifically, Defendants argue that because Wells Fargo's predecessor, World Savings, was a federal savings bank ("FSB") regulated by the Office of Thrift Supervision ("OTS") and chartered under the Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461-1470, Plaintiff's allegations stemming from Section 2923.5 are preempted by HOLA.

Pursuant to HOLA, regulations issued by the OTS are "intended to preempt all state laws purporting to regulate any aspect of the lending operations of a federally chartered savings association, whether or not OTS adopted a regulation governing the precise subject of the state provision." *Lopez v. World Savings & Loan Association*, 105 Cal. App. 4th 729, 738 (2003); *see* 12 C.F.R. § 545.2. Additionally, the Ninth Circuit has previously held that HOLA touches so many elements of the banking and mortgage industries that it leaves no room for any sort of state regulatory control. *Silvas v. E*Trade Mortgage Corp.*, 514 F. 3d 1001, 1004-05 (9th Cir. 2008). Accordingly, several specific OTS regulations related to HOLA preempt state laws governing terms of credit, loan-related fees, disclosure and advertising requirements, and processing, origination, servicing, or investment procedures. *See* 12 C.F.R. §§ 560.2(b)(4); 560.2(b)(5); 560.2(b)(9); 560.2(b)(10).

Within the state of California, Section 2923.5 requires "mortgagee[s], [beneficiaries], or authorized agent[s]" to communicate with borrowers facing foreclosure. Cal. Civ. Code § 2923.5(a)(1). The statute further mandates that these institutions include specific declarations in the Notice of Default served upon the defaulting party. Cal. Civ. Code §2923.5(c)(1). Because Section 2923.5 is a state law which attempts to obstruct and impair national banks and their lending and servicing activities, it is exactly the sort of statute that is proscribed by the HOLA.

Here, Plaintiff brings his first cause of action against Defendants alleging a violation of Section 2923.5. More precisely, Plaintiff's Complaint contains allegations relating to the process by which Defendant initiated the foreclosure process, as well as various other mortgage-related activities - such as processing and servicing - regulated by HOLA and the OTS. Compl. ¶¶ 8-10. The Court, however, finds compelling Defendant's argument that a claim stemming from Section 2923.5 is improper because the statute is preempted by HOLA.

In arguing that Section 2923.5 is not preempted by HOLA, Plaintiff relies on the California Court of Appeal's decision in *Mabry v. Superior Court* which held that a claim under Section 2923.5 was not preempted by HOLA "because the remedy for noncompliance is a simple postponement of the foreclosure sale, nothing more." 185 Cal. App. 4th 208, 214 (2010). This decision, however, is not binding on this Court. Myriad district courts within the Ninth Circuit have disagreed with the *Mabry* court and expressly found that Section 2923.5 is preempted by HOLA.

Perhaps the most compelling of these cases are *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022 (N.D. Cal. Oct. 27, 2010) and *Taguinod v. World Savings Bank*, 755 F. Supp. 2d 1064 (C.D. Cal. Dec. 2, 2010). In both cases, the facts align closely with the instant litigation, in that the plaintiffs brought state court actions against the respective lenders alleging wrongful foreclosure and related claims concerning properties secured by deeds of trust. *Nguyen*, 749 F. Supp. 2d at 1033; *Taguinod*, 755 F. Supp. 2d at 1074. Though both courts mention *Mabry* and its decision that Section 2923.5 is not preempted by HOLA, each independently concludes that the overwhelming trend within the Ninth Circuit is that "a claim under [Section 2923.5] is preempted by HOLA" and that, because the issue is not one of interpreting state law but rather of federal preemption, "the [court] is not bound by the decision in *Mabry*." *Taguinod*, 755 F. Supp. 2d at 1074; *see also Nguyen*, 749 F. Supp. 2d at 1033.

Keeping in line with the precedents handed down by courts within this circuit, this Court finds that Plaintiff's Section 2923.5 claim is preempted by HOLA.

Accordingly, Defendant's Motion to Dismiss Plaintiff's first cause of action alleging violation of Section 2923.5 is GRANTED.

### B. Plaintiff's Second Cause Of Action For Violation Of Business And Professions Code § 17200

Defendant additionally moves to dismiss Plaintiff's second cause of action for violation of California Business and Professions Code § 17200 ("Section 17200") on the grounds that Plaintiff has not - and cannot - set forth a viable claim for violation of Section 17200. Defendant further avers that Plaintiff's claim under Section 17200 is entirely rooted in his underlying claim for violation of Section 2923.5. Defendant argues that if the Court grants Defendant's Motion to Dismiss Plaintiff's Section 2923.5 claim - which it has - then this Section 17200 claim must also fail.

California courts have repeatedly held that claims rooted in Section 17200 must plead or allege that a business practice independently forbidden by law has occurred. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003). Similarly, defendants cannot be found liable for committing "unlawful business practices" under Section 17200 without having violated another law. *Ingels v. Westwood One Broadcasting Services, Inc.*, 129 Cal. App. 4th 1050, 1060 (2005).

Plaintiff's pleadings fail to allege any unlawful business practices that are not tied to his already-dismissed Section 2923.5 claim. Additionally, Plaintiff attempts to color Defendant's actions as "fraudulent" under the statutory language of Section 17200. Plaintiff's pleadings, however, fail to allege with any precision any potentially fraudulent activity connected with Defendant. As such, because Plaintiff's Section 2923.5 claims fail, and because Plaintiff fails to plead with specificity fraudulent activity on the part of Defendant, the Court finds Plaintiff's Section 17200 claim uncompelling.

Accordingly, Defendant's Motion to Dismiss Plaintiff's claim for violation of Section 17200 is GRANTED.

### IV. Disposition

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. Plaintiff's claims are dismissed without prejudice. Any amended complaint must be filed by January 6, 2012.

The Clerk shall serve this minute order on all parties to the action.